(May 7, 1953.)

■

HELEN B. POST, Respondent, v. ALBERT M. POST, Appellant.— Order unanimously modified on the facts and the law so as to reduce allowance for counsel fee to the sum of $1,500, to cover this appeal as well, without prejudice to an application by counsel to the trial court for further counsel fee, should the facts warrant and, as so modified, affirmed. The amounts allowed are excessive. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ.

■

HELEN B. POST, Respondent, v. ALBERT M. POST, Appellant.— Order unanimously modified by eliminating the provision for additional counsel fee and, as so modified, affirmed. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ.

(Republish.)

■

In the Matter of the Arbitration between FRANCISCO A. BLANCO, Appellant, and FARR & Co., Respondent.— Regardless of whether applicable sections of the by-laws of the exchange be deemed to provide for statutory or common-law arbitration, there is an arbitrable dispute between appellant and respondent, who are both members of the New York Coffee and Sugar Exchange, Inc., and bound by its by-laws including section 45 thereof. As the contract to arbitrate and the arbitrable dispute exist, all controversies are for the arbitrators including the timeliness of the so-called adjudication proceeding. Order unanimously affirmed, with $20 costs and disbursements to the respondent. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ. [See ante, p. 1012.]

(May 12, 1953.)

■

REPUBLIC OF CHINA, Appellant, v. PANG TSU MOW et al., Respondents.

*Per Curiam.* The allegations of the complaint sufficiently meet the requirements for service by publication. Because all of the relief sought may not be obtained upon that type of service, the court is not deprived of jurisdiction to grant so much of it as such service permits. Insofar as plaintiff proceeds against the property in this State, the action is one in rem. As to such assets, plaintiff claims that they represent part of funds belonging to it which were entrusted to defendant Mow, and it demands judgment excluding said defendant from any vested or contingent interest therein. While an accounting may be necessary in order to establish plaintiff's right to the property, that requirement would not serve to change the character of the action to one in personam. The accounting would merely result in a finding upon which the extent of plaintiff's interest in the New York property could be determined. The result of the accounting would not and could not be made the basis for a personal judgment against Mow for the excess over the value of the property in this